JOEL WILBUR *vs.* ALDEN C. JOSSELYN.

Franklin.    Opinion October 18, 1886.

*Chattel mortgages. Conveyances. Practice. Requested instructions.*

The owner of a pair of steers mortgaged them with other personal property to D, who assigned the mortgage to the defendant, but prior to the assignment, the owner *bona fide* released his right of redeeming the steers and sold them to D who subsequently sold them to K taking back a mortgage thereof for the purchase money, which mortgage, D assigned to the plaintiff. In trover against the defendant who had taken possession of the steers: *Held,* that the defendant's requested instruction,— that if D owned the steers when he delivered the mortgage to the defendant, that the title would pass to the defendant if D gave him to understand that the steers were included in the mortgage, was rightly refused, there being no testimony on which to base the instruction.

ON exceptions and motion to set aside the verdict.

The defendant excepted to the following instructions of the presiding justice: "Now this mortgage among other things contains this very yoke of steers that the parties are disputing about. Well, then, if there were nothing else in the case it would carry the assignment of the steers as collateral security and as the defendant paid the note he would have the better title to the property of the two parties.

"But now comes in the question of fact. Mr. Dennison himself is introduced as a witness. He says that at the time when the assignment or receipt was made, when this mortgage was conveyed to the defendant those steers now in dispute were not included in it, that another pair were, that this pair were not a part of the mortgage, they were taken out of it, out of what is called the bill of sale; in other words that Mr. McKeen had released his right to these steers, to the title of the property.

"Mr. Dennison says this was done previous to this assignment to the defendant; now that is the question of fact. It comes from the testimony before you. It is disputed on the other side; the defendant says it is not so, when that was conveyed to him the steers were still included in it, and this raises the real question of fact for you to decide between the parties, was that a *bona fide* sale of the steers from McKeen to Mr. Dennison, so that Mr. McKeen had released all right of redemption and they become absolutely the property of Mr. Dennison? If so, then, I instruct you as matter of law, they were not in the mortgage and the assignment would not convey the steers.

"There is the question for you to settle; now he goes on further to state the manner which they were paid for by the creditor upon his book, that they became his property absolutely and entirely, and that subsequently either before or after that receipt, I don't know as I can tell which, and I don't know that it is material whether before or after, he says that he sold them to Mr. Keene (not McKeen, but Edwin R. Keene, the other was Orrin McKeen,) that he took from him a note for them secured by mortgage of the same steers. In process of time he assigned that note to the plaintiff in this case, Mr. Wilbur. Now if the sale to Mr. Dennison was absolute and complete and he subsequently sold to Mr. Keene and took this mortgage back and then conveyed the mortgage to Mr. Wilbur, that would give him a title independent of any papers that the defendant, Mr. Josselyn, had; because as I have already said,. that the sale, if absolutely made before the assignment to Josselyn, would take the steers out of his mortgage."

Defendant also excepted to the refusal of the presiding justice to give the following instructions to the jury, to wit: "If Dennison owned the steers at the time he let Josselyn have the mortgage that the title to the steers would pass to Josselyn if Dennison gave Josselyn to understand that the steers were included in the mortgage."

*P. A. Sawyer*, for the plaintiff, cited: Daniels, Negotiable Instruments, § 741 *et seq.* *Copeland* v. *Hall*, 29 Maine, 93; 33 Maine, 90.

*B. Emery Pratt*, for defendant.

If the trade between Dennison and McKeen was *bona fide* as between them, still the trade between Dennison and Josselyn would pass the title of the cattle to Josselyn ; the cattle remained Dennison's as they claim till September 29, one month after the mortgage of them passed to this defendant, and the circumstances are such as would estop Dennison from a denial of this defendant's title.    Rapalje & Lawrence's Law Dict. Title "Estoppel." Bouvier's Law Dict.    Title "Estoppel."    15 Mass. 110.

VIRGIN J.   Trover to recover the value of a yoke of steers the title thereto being claimed by each of the parties.   The defendant admitted that he took the steers from the possession of the plaintiff claiming to own them.

One McKeen, owning the steers, on February 27, 1884, mortgaged them with other live stock to one Dennison to secure a note for $250, which mortgage and note together with sundry other notes and mortgages of personal property, Dennison, in August 29, 1884, delivered to the defendant as collateral security for the latter's signing as surety a bank note for $1000, which note the defendant was obliged to pay after maturity.

The plaintiff claimed that, prior to the delivery of the mortgage and note to the defendant as collateral security, McKeen released his right of redeeming the steers and sold them outright to Dennison, who, on September 29, 1884, sold them to one Keene taking back a mortgage thereof to secure Keene's note for $95, which note Dennison assigned to the plaintiff.   This the defendant denied.   The only witnesses were the parties.   The jury, after seeing and hearing the witnesses testify, found that the sale from McKeen to Dennison was *bona fide*, which finding we do not consider it our duty to disturb.

There was no testimony on which the requested instruction could be based; and if there were, the request was rightly refused.   Dennison testified that he informed the defendant that the steers were not included in the mortgage when it was delivered to him ; and while the defendant denies that any such conversation took place, he testifies that no conversation at all in relation to the steers took place.

The other instructions could not injure the defendant; if the finding of the jury is correct, he has no title whatever on which to base any authority to take the steers from the plaintiff's possession, which was title enough for the plaintiff as against the defendant.

*Motion and exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.